UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GONZALO MACAL and JUAN MACAL, | CASE NO. 4:17-cv-835 |
| *Plaintiffs*, | |
| v. | |
| FALLS OF BELLAIRE, L.P. et al., | |
| *Defendants*. | |

# ORIGINAL COMPLAINT

## SUMMARY

1. Defendants Falls of Bellaire, L.P.; Falls of Bellaire GP, LLC; Falls of Town Park, LP; Falls of Beechnut, LP; Falls at Dairy Ashford, LP; Falls of West Oaks, LP, and Rao J. Polavarapu (collectively, "Defendants") did not pay overtime to their apartment workers, including Gonzalo Macal and Juan Macal (collectively, "Plaintiffs"). Accordingly, Plaintiffs bring this action to recover their unpaid overtime wages as well as other damages permitted by the Fair Labor Standards Act (FLSA) on behalf of themselves and on behalf of others similarly situated.

2. Defendants and/or their sister companies have repeatedly been sued for FLSA violations, yet they persist in their unlawful payroll practice. *See, e.g.*, *Marquez-Lopez v. Northwest Miami Gardens, L.P.,* No. 4:09-cv-1024 (S.D. Tex. filed Apr. 6, 2009); *Aguirre v. Point West Holdings Partnership, L.P.*, No. 4:10-cv-2378 (S.D. Tex. filed July 3, 2010); *Ramirez v. Falls of Birchbrook Apartments GP, LLC*, No. 4:10-cv-3315 (S.D. Tex. filed Sept. 15, 2010); *Garcia v. Falls of Birchbrook Apartments LTD.*, No. 4:11-cv-3078 (S.D. Tex. filed Aug. 23, 2011). The common defendant in all these cases is Rao J. Polavarapu.

## JURISDICTION AND VENUE

3. Plaintiffs' claims arise under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq*. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Plaintiffs bring this complaint in the district in which Defendants reside and a substantial part of the acts and conduct charged herein occurred. Accordingly, venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

5. Plaintiffs are former "make ready" laborers that worked in Defendants' apartment complexes.

6. In performing their duties, Plaintiffs were engaged in commerce or in the production of goods for commerce. They regularly worked over forty hours per week. However, Defendants did not pay them overtime pay for hours the worked in excess of forty in a workweek.

7. Plaintiffs' consents are attached.

8. Defendants employed and/or jointly employed Plaintiffs within the meaning of the FLSA. Defendants are subject to the FLSA because they are engaged in commerce or are part of an enterprise engaged in commerce.

9. Each Defendant, or the enterprise of which it is a part, has employees handling or selling goods or materials that were moved in interstate commerce or produced for interstate commerce.

10. Each Defendant, or the enterprise of which it is a part, has gross annual revenues of at least $500,000 during the statutory period.

11. Rao Polavarapu is Plaintiffs' boss. He owns and/or operates the corporate defendants. As an individual with managerial authority over Plaintiffs, he qualifies in his individual capacity as an employer and/or joint employer of Plaintiffs. Polavarapu is part of an enterprise engaged in commerce and is subject to the FLSA. He may be served with process at 5850 Parkfront Dr., 2nd Floor, Houston, Texas 77036.

**PLAINTIFFS' ALLEGATIONS**

12. Defendants own and operate at least a dozen apartment complexes in the Houston, Texas area.

13. Plaintiffs are former hourly employees of Defendants.

14. Plaintiffs were employed as "make ready" laborers.

15. Plaintiffs' job duties involved manual labor related to remodeling, installing cabinets, changing light bulbs, adding light switches, installing mirrors, cleaning, carpet removal, and stripping apartments down to bare floors.

16. Defendants provided Plaintiffs with construction tools and materials.

17. Plaintiffs were permanently employed by Defendants.

18. Defendants invested millions of dollars in buildings, offices, vehicles, construction materials, and tools.

19. Plaintiffs did not make business investments related to their work for Defendants.

20. Plaintiffs do not have business skills and did not use any to control any profits or losses.

21. Plaintiffs had no opportunity for profit or loss because they were only paid their hourly rate, did not invest anything of significance, and were not responsible for down time, losses, or damages.

22. Defendants set Plaintiff's working schedules.

23. Defendants set Plaintiff's pay amount and decided to pay them by the hour.

24. Defendants controlled where Plaintiffs worked and what jobs they were required to do.

25. Defendants recorded the hours Plaintiffs worked on time sheets.

26. Defendants had the power to hire and fire Plaintiffs.

27. Defendants paid Plaintiffs $9.50 per hour for all hours worked, including those worked in excess of forty in a week.

28. Plaintiffs typically worked Monday through Saturday from 7:00 a.m to 6:00 p.m., or about 66 hours per week.

29. Plaintiffs were entitled to overtime at one-and-one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

30. Defendants, however, paid Plaintiffs at their regular hourly rate for hours worked in excess of forty in a week. This practice is commonly known as paying "straight time for overtime."

31. Defendants' practice of failing to pay overtime compensation violated the FLSA.

32. Defendants knew or showed reckless disregard for whether their policy of paying straight time for overtime violates the FLSA.

33. Defendants knew Plaintiffs worked over forty hours per week.

34. Defendants knew it is unlawful to pay straight time for overtime because they have been sued for this practice on more than one occasion.

35. Defendants also knew it is unlawful to misclassify employees as independent contractors because Defendants have been sued for this.

36. Defendants' counsel advised Defendants that it is unlawful to pay straight time for overtime to apartment workers like Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs are similarly situated under the FLSA to other workers employed in apartments owned or controlled by Rao J. Polavaparu and/or Defendants.

38. These other workers are also paid according to the same straight time for overtime policy Defendants used to deny Plaintiffs overtime pay.

39. It is this "straight time for overtime pay" payroll policy that is the common payroll that Plaintiffs allege violates the FLSA in this collective action.

40. Defendants have paid dozens of hourly workers according to the same unlawful scheme.

41. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

42. The workers impacted by Defendants' "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> All hourly apartment workers employed by Defendants during the last three years that were paid straight time for overtime.

## CAUSES OF ACTION

43. By failing to pay Plaintiffs and those similarly situated to him overtime at one-and-one-half times their regular rates, Defendants violated the FLSA's overtime provisions.

44. Defendants owe Plaintiffs and those similarly situated to them the difference between the rate actually paid and the proper overtime rate.

45. Because Defendants knew, or showed reckless disregard for whether, their pay practices violated the FLSA, Defendants owe these wages for at least the past three years.

46. Defendants are liable to Plaintiffs and those similarly situated to them for an amount equal to all unpaid overtime wages as liquidated damages.

47. Plaintiffs and those similarly situated to them are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### PRAYER

WHEREFORE, Plaintiffs request that this Court award them judgment against Defendants for:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who were paid straight time for overtime;

    b. Judgment awarding Plaintiffs and those similarly situated to them all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

    c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    d. All such other and further relief to which Plaintiffs and those similarly situated to them may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ David I. Moulton**
      _____
      David I. Moulton
      *Attorney-in-Charge for Plaintiff*
      State Bar No. 24051093
      S.D. of Texas No. 608063
      Matthew S. Parmet
      Texas Bar No. 24069719
      S.D. Tex. ID No. 1076547
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
dmoulton@brucknerburch.com
mparmet@bruknerburch.com